# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MEI GUANG CHEN, | : | |
| --- | --- | --- |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0379 |
| | : | |
| JIA SHENG YANG, | : | |
| *Defendant.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                    **JANUARY 28, 2019**

Plaintiff Mei Guang Chen brings this civil action against an individual who appears to be her ex-husband, Jia Sheng Yang. She appears to seek enforcement of a divorce decree entitling her to certain property. Chen seeks leave to proceed *in forma pauperis*. The Court will grant her leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction.

I

The Court understands Chen to be alleging that she owns certain property by virtue of a divorce decree issued in 2012. Chen alleges that she sent the divorce agreement to her brother in China to get her property back. She further alleges that "his mother [presumably a reference to her former mother in law] told [her] brother" that "she didn't know divorce agreement" and "his mothe[r] took his share that [was] already judged to [Chen] by [the] court." (Compl. at 6.)[1] Although not entirely clear, it appears Chen is alleging that her former mother in law took a portion of the property allotted to Chen in the divorce decree. Chen alleges that the "old property was removed

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

1

by [the] government" and appears to be claiming that her ex-husband "took all money of old property." (*Id.*)

Based on those allegations, Chen filed this lawsuit to "help [her] get back [her] property and money in the divorce agreement." (*Id.* at 7.) By checking the appropriate locations on the form Complaint, Chen indicated that she is bringing this case pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). For both parties' states of citizenship Chen listed "Chinese," and she provided Philadelphia addresses for both herself and the Defendant.

II

Chen's motion to proceed *in forma pauperis* is granted because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Chen is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

The Court lacks subject matter jurisdiction over Chen's claims, which arise under state law. A district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States." 28 U.S.C. § 1332(a). Here, it is not clear whether the parties are diverse for purposes of § 1332(a).[2]

Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183–84 (3d Cir. 2008) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). An individual is domiciled in the state where he or she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

It is not clear from the Complaint whether Chen and Yang are citizens of China or the United States. If either or both are United States citizens or lawful permanent residents, it is not clear which state or states they call home, although the Complaint suggests it may be Pennsylvania given the Philadelphia addresses for both. Moreover, the amount in controversy is unknown because Chen has not alleged that there is more

---

[2] The "domestic relations exception" to diversity jurisdiction does not apply here. *See Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (The modern rule, as expressed in *Ankenbrandt,* provides "that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree"); *see also Bowdoin v. Deckman*, 997 F. Supp. 645, 647 (E.D. Pa. 1998) ("[T]he so-called domestic relations exception to diversity jurisdiction does not prohibit enforcement of validly obtained final orders for payment of alimony or of other such orders or marital contracts.").

than $75,000 at issue. Indeed, she has not indicated how much money she seeks and/or how much the property in question was worth. Accordingly, Chen has not met her burden of establishing that this Court has jurisdiction over her case.

IV

For the foregoing reasons, the Court will grant Chen leave to proceed *in forma pauperis*, and dismiss the Complaint for lack of subject matter jurisdiction. Chen will be given leave to file an amended complaint in the event she can state a basis for the Court's jurisdiction. Alternatively, she may seek to refile this case in the proper state court, where federal jurisdiction will not be an issue.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**