IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEI GUANG CHEN, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-0379 |
| | : | |
| JIA SHENG YANG, | : | |
| *Defendant.* | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                   **FEBRUARY 6, 2019**

Plaintiff Mei Guang Chen filed this civil action against her ex-husband, Jia Sheng Yang seeking enforcement of a divorce decree entitling her to certain property in China. In a Memorandum and Order entered on the docket January 29, 2019, the Court granted Chen leave to proceed *in forma pauperis* and dismissed her Complaint for lack of diversity jurisdiction. (ECF Nos. 4 & 5.) However, the Court gave Chen leave to file an amended complaint in the event she could cure the jurisdictional defect. Chen returned with an Amended Complaint and a Motion for Appointment of Counsel, both of which are currently before the Court. (ECF Nos. 6 & 7.) For the following reasons, the Court will dismiss this case for lack of subject matter jurisdiction and deny the Motion for Appointment of Counsel.

I

As explained in its prior memorandum, Chen alleges that she owns certain property by virtue of a divorce decree issued in 2012. Chen alleged in her initial Complaint that she sent the divorce agreement to her brother in China to get her property back. She further alleged that "his mother [presumably a reference to her

1

former mother in law] told [her] brother" that "she didn't know divorce agreement" and "his mothe[r] took his share that [was] already judged to [Chen] by [the] court." (Compl. at 6.)[1]  Although not entirely clear, it appears Chen is alleging that her former mother in law took a portion of the property allotted to Chen in the divorce decree. Chen alleged that the "old property was removed by [the] government" and appears to be claiming that her ex-husband "took all money of old property." (*Id.*)

Based on those allegations, Chen initiated this action to "help [her] get back [her] property and money in the divorce agreement." (*Id.* at 7.)  By checking the appropriate locations on the form Complaint, Chen indicated that she brought this case pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  For both parties' states of citizenship Chen listed "Chinese," and she provided Philadelphia addresses for both herself and the Defendant.

As noted above, the Court granted Chen leave to proceed *in forma pauperis* and dismissed her initial Complaint in a Memorandum and Order entered on the docket on January 29, 2019.  The Court construed the Complaint as raising claims under state law and explained to Chen that the only basis for jurisdiction over those claims is 28 U.S.C. § 1332, which requires the parties to be diverse in citizenship and that the amount in controversy exceed $75,000.  However, it was unclear whether Chen and Yang are citizens of China or the United States and, if either or both are United States citizens, it was not clear which state or states they call home.  The amount in controversy was also not clear from the initial Complaint.  Accordingly, the Court

---

[1] The Court adopts the pagination assigned to Chen's pleadings by the CM-ECF system.

dismissed the Complaint for lack of subject matter jurisdiction without prejudice to Chen filing an amended complaint.

Chen's Amended Complaint is based on essentially the same factual allegations as her initial Complaint. Chen attached to her Amended Complaint a translation of her divorce agreement, which reflects that she was given certain property located in China. As with the initial Complaint, the Amended Complaint alleges that both Chen and Yang are Chinese citizens and provides Philadelphia addresses for both parties. The Amended Complaint does not indicate the value of the property in question or note how much money Chen seeks in damages.

II

As Chen is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Chen is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

As with the initial Complaint, this Court lacks subject matter jurisdiction over Chen's Amended Complaint, which asserts claims under state law. A district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

3

28 U.S.C. § 1332(a). It is again not clear whether the parties are diverse for purposes of § 1332(a).[2]

Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183–84 (3d Cir. 2008) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). An individual is domiciled in the state where he or she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Chen and Yang's citizenship is not clear from the Amended Complaint. It is still not clear if Chen and Yang are citizens of China or the United States. If either or both are United States citizens or lawful permanent residents, it is not clear which state or states they call home, although the Amended Complaint suggests it may be Pennsylvania given the Philadelphia addresses for both. It is also not clear whether

---

[2] The "domestic relations exception" to diversity jurisdiction does not apply here. *See Matusow v. Trans-Cty. Title Agency, LLC*, 545 F.3d 241, 245 (3d Cir. 2008) (The modern rule, as expressed in *Ankenbrandt,* provides "that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree"); *see also Bowdoin v. Deckman*, 997 F. Supp. 645, 647 (E.D. Pa. 1998) ("[T]he so-called domestic relations exception to diversity jurisdiction does not prohibit enforcement of validly obtained final orders for payment of alimony or of other such orders or marital contracts.").

4

the amount in controversy here exceeds $75,000, because Chen has again failed to indicate how much money she seeks and/or how much the property in question was worth. Accordingly, Chen has not met her burden of establishing that this Court has jurisdiction over her case.

IV

For the foregoing reasons, the Court will grant Chen leave to proceed *in forma pauperis*, and dismiss the Amended Complaint for lack of subject matter jurisdiction. Chen has already been given an opportunity to amend to state a basis for jurisdiction, but she has been unable to do so. Accordingly, the Court concludes that further attempts at amendment would be futile. However, the dismissal of her claims is without prejudice to Chen refiling this case in the proper state court, where federal jurisdiction will not be an issue. Chen's Motion for Appointment of Counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**